ORIGINAL

KENNETH G. PARKER (SBN 182911)
    kparker@tlpfirm.com
ROBERT G. LOEWY (SBN 179868)
    rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone:  (949) 442-7100
Facsimile:   (949) 442-7105

THOMAS F.A. HETHERINGTON*
    tom.hetherington@emhllp.com
JARRETT E. GANER*
    jarrett.ganer@emhllp.com
EDISON, MCDOWELL &
HETHERINGTON LLP
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* pro hac vice motion to be filed

Attorneys for
PHL VARIABLE INSURANCE CO.

FILED
09 OCT 21 PM 2: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:           DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CLIFTON WRIGHT FAMILY INSURANCE TRUST, by and through its trustee, VINCENT M. GIORDANO <br><br> Defendant. | Case No. '09 CV 2344 BTM POR <br><br> **PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT** <br><br> Action Filed: |

**COMPLAINT**

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against the Clifton Wright Family Insurance Trust by and through its Trustee, Vincent M. Giordano as follows:

## I.
## PARTIES

1. Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in California. Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant, the Clifton Wright Family Insurance Trust ("Trust"), is a trust organized under the laws of California and is a citizen of California within the meaning and intent of 28 U.S.C. § 1332. The Trust may be served through its Trustee, Vincent M. Giordano ("Trustee"), at his home address, 12350 Lemon Crest Dr., Lakeside, California 92040. On information and belief, Trustee Giordano is the only trustee and is a resident of California.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interests and costs. Defendant is subject to the personal jurisdiction of this Court.

4. This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

5. Venue is proper for this action pursuant to 28 U.S.C. § 1391, since the Trust is a citizen of California, its Trustee is located in San Diego County, and the insurance policy at issue is governed by California law.

## III.

## FACTUAL BACKGROUND

6. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of California

7. The Trust, by and through its Trustee, applied in writing to Phoenix seeking the issuance of an insurance policy, insuring the life of Clifton Wright (the "Application"). The Trust documents that were later provided to Phoenix indicated that the intended beneficiary of Wright's insurance trust was his "best friend," Janice Hom.

8. In completing this Application, Wright and the Trust provided Phoenix with material information regarding, among other things, Wright's net worth and annual income. Specifically, the Trust responded to clear, direct questions seeking material information regarding Wright's net worth and annual income. In response to these questions, the Application represented that Wright had a net worth of $9,640,356 and annual unearned income of $391,525. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

9. Additionally, during the application process, Wright and the Trust represented that the life insurance was being sought for "estate conservation." This statement was false and was material to Phoenix's acceptance of the risk assumed.

10. In completing the Application, Wright and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Wright and the Trust also knew that Phoenix would

rely upon the answers recorded on the Application in determining whether Wright was insurable and qualified for the insurance sought through the Application.

11. The Application contained the following affirmation:

> I have reviewed this application and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Wright and the Trust, through its trustee at the time, executed the Application on September 25, 2007.

12. On the basis of the statements and representations on the Application and in reliance upon Wright's and the Trust's complete candor, honesty and openness in disclosing information in the response to the questions presented on the Application, Phoenix issued life insurance policy number 97524655 (the "Policy") to the Trust, with an effective date of October 22, 2007. The Policy's death benefit is $6,000,000.

13. After some suspicion was raised concerning Wright's actual financial worth, Phoenix requested documents from Wright, the Trustee, and the insurance agent who sold the Policy in order to substantiate the financial representations as true and correct. In response to these requests, the only documents that Phoenix received was a copy of the trust agreement and a one page document reiterating the financial assertions made in the Application. In addition, Phoenix's own independent investigation did not reveal any basis on which a person could reasonable conclude that Wright had a net worth of $9,640,356 and annual unearned income of $391,525 on the date of the Application. Phoenix asserts that the statements made during the application process with respect to Wright's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

14. Had Wright and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

15. Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## IV.

## COUNT I: DECLARATORY JUDGMENT:
## RESCISSION DUE TO MATERIAL MISREPRESENTATIONS

16. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1-15 above.

17. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Wright and the Trust made on the Application, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interests, if any, pending further dispensation by the Court.

18. Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud. Alternatively, Phoenix seeks a declaration judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to its agents or sale representative arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

19. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

20. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

## V.
## COUNT II: DECLARATORY JUDGMENT:
## RESCISSION – LACK OF INSURABLE INTEREST

21. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1-20 above.

22. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interests. Wright and the Trust made statements, declarations and representations that were untrue relative to the insurable interests in Wright's life. The Policy's purchase was done to benefit Janice Hom, or in the alternative, an undisclosed third party, both of whom lacked the requisite insurable interest in Wright's life at the time of issuance. The Policy's issuance violates the letter and spirit of the state law on insurable interests and is inconsistent with the public policy of prohibiting the wagering on the lives of others. The application for and the purported ownership of the Policy by the Trust is merely a sham transaction intended to circumvent and violate applicable insurable interest laws and public policy. The Policy is, therefore, void *ab initio* and is of no force and effect from its inception.

23. Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interest and that as a result of said rescission, Phoenix may deposit with the clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

24. Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud. Alternatively, Phoenix seeks a declaration judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to its agents or sale representative arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

25. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

26. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

## VI.

## RELIEF REQUESTED

WHEREFORE, due to the above-reference fraudulent and/or material misrepresentations, Phoenix demands judgment against the Clifton Wright Family Insurance Trust as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing Policy Number 97524655 to be null and void and rescinded, *ab initio*;

(b) an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with the required interest, if any;

(c) an order that that the Clerk of Court return to Phoenix all of the premiums deposited with the Court or, alternatively, an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sale representative arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's

issuance and subsequent investigation, including attorneys' fees and expenses;

(d) An order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

(e) An order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated: October 21, 2009

TEUTON, LOEWY & PARKER LLP
ROBERT G. LOEWY
KENNETH G. PARKER

By: *[signature]*
Kenneth G. Parker
Attorneys for Plaintiff
PHL VARIABLE INSURANCE CO.

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Thomas F.A. Hetherington, Texas Bar No. 24007359
Jarrett E. Ganer, Texas Bar No. 24055520
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jarrett.ganer@emhllp.com

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHL VARIABLE INSURANCE CO.

**DEFENDANTS**
CLIFTON WRIGHT FAMILY INSURANCE TRUST, by and through its trustee, VINCENT M. GIORDANO

(b) County of Residence of First Listed Plaintiff: **Connecticut**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **California**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth G. Parker, Esq., Teuton, Loewy & Parker LLP
3121 Michelson Dr. #250, Irvine, CA 92612; 949/442-7100

Attorneys (If Known)
**'09 CV 2344 BTM    POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1332**

Brief description of cause:
**Declaratory Judgment - Rescission due to material misrepresentations**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 10/21/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 6551   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006551
Cashier ID: msweaney
Transaction Date: 10/21/2009
Payer Name: NORCO DELIVERY SVCS
------------------------------------
CIVIL FILING FEE
 For: PHL INS V CLIFTON WRIGHT TRUST
 Case/Party: D-CAS-3-09-CV-002344-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 20549
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

There will be a fee of $45.00 charged for any returned check.