UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, | Case No. 09cv2344 BTM (POR) |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE** |
| v. | |
| CLIFTON WRIGHT FAMILY INSURANCE TRUST, | |
| Defendant. | |

Defendant Clifton Wright Family Insurance Trust, by and through its trustee Vincent M. Giordano, has filed a Motion to Strike Allegations in the Complaint [Doc. 7]. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

The following factual statements are allegations in the Complaint and not the Court's factual findings.

Plaintiff PHL Variable Insurance Company issued a life-insurance policy to Defendant Clifton Wright Family Insurance Trust, insuring the life of Clifton Wright. Plaintiff now asserts that the Trust made material misrepresentations in applying for the life-insurance policy and seeks to rescind it.

Plaintiff requests the following relief: (1) a declaration that the policy is void *an initio*;

(2) an order requiring Plaintiff to deposit with the Clerk of the Court all premiums paid on the policy, plus any required interest; (3) an order directing the Clerk to return all premiums to Plaintiff, or to pay to Plaintiff an amount equal to commissions paid by Plaintiff and any other damages incurred by Plaintiff related to issuing the policy; (4) attorney's fees and costs; and (5) any other equitable relief.

Defendant has moved to strike part of Plaintiff's requested relief. Specifically, Defendant seeks to strike Plaintiff's request to keep all or part of the premiums which Defendant paid on the policy.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is to avoid the expenditure of time and money that arises from litigating spurious issues. *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Because striking a portion of a pleading is a drastic remedy and because it is often used as a dilatory tactic, motions to strike are disfavored. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1380 (3d ed. 2004). In ruling on a motion to strike, the Court accepts as true the factual allegations underlying the claim. *See Kelly v. Kosuga*, 358 U.S. 516 (1959).

## III. DISCUSSION

Defendant argues that the Court should strike the portion of the Complaint requesting that Plaintiff retain all or part of the premiums paid under the life-insurance policy. Defendant supports its argument by citing the general principle that when a party requests rescission of the contract—as Plaintiff does here—the party must restore all consideration paid under the contract to the other party, thus placing the parties in the same position they were in had the contract never existed. Based on this principle, Defendant contends that Plaintiff cannot simultaneously seek rescission of the contract and also seek to retain all or part of the

premiums it received.

Under California law,[1] "to effect a rescission a party to the contract must . . . [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise . . . ." Cal. Civ. Code § 1691. "[T]he service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be" an "offer to restore the benefits received under the contract . . . ." *Id.* In the case of an insurer seeking to rescind an insurance policy, this general rule would require the insurer to return to the insured all premiums paid under the policy. *Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 446, 457 (1981); *see also* Cal. Ins. Code § 481(a).

But even if an insurer must return everything of value it received under the policy, it may still seek compensation for damages. Cal. Civ. Code § 1692 ("The aggrieved party shall be awarded complete relief . . . ."). For example, the insurer may seek damages from the insured as a consequence of the rescission of the policy. *See id.* And the "[insurer] shall be awarded *complete relief*, including . . . any consequential damages to which he is entitled . . . ." *Id.* (emphasis added). Lastly, in a rescission action the Court has discretion to "adjust the equities between the parties." *Id.* This is because the primary purpose of rescission is to "restore both parties to their former position as far as possible" and "to that end [the court] may grant any monetary relief necessary to do so." *Runyan v. Pac. Air Inds., Inc.*, 2 Cal. 3d 304, 316 (1970) (quotations marks omitted) (*citing Stewart v. Crowley*, 213 Cal. 694, 701 (1931)).

In many cases, merely returning consideration paid under the contract will not restore the parties to their former positions. *Runyan*, 2 Cal. 3d at 316–17. This is especially true in actions for rescission based on fraud or misrepresentation by the non-rescinding party. *Id.* at 317. In these types of cases, courts have required the party that committed the fraud to pay damages in order to avoid unjust enrichment or to make the innocent party whole. *See*

---

[1] Plaintiff states in the Complaint that the insurance policy is governed by California law. Defendant does not appear to dispute this, as both parties both cite to California law in their briefs.

*id.* at 317. "Relief given in rescission cases—restitution and in some cases consequential damages—puts the *rescinding party* in the status quo ante, returning him to his economic position before he entered the contract." *Id.* at 316 n. 15.

Courts have awarded consequential damages to the aggrieved party following rescission of a contract in various contexts. For example, a defrauded real-estate buyer may receive consequential damages including commissions paid, escrow fees, interest, and attorney fees. *Sharabianlou v. Karp*, Nos. A120940, A122167, A122548, 2010 WL 396319, at *14 (Cal. App. February 5, 2010); *Snelson v. Ondulando Highlands Corp.*, 5 Cal. App. 3d 243, 253 (1970) (permitting award of closing costs in fraudulent sale of real estate). And where a court rescinds an automobile purchase due to the dealership's failure to honor a warranty, the court may award the aggrieved party consequential damages including towing charges and car rental fees. *Leaf v. Phil Rauch, Inc.*, 47 Cal. App. 371 (1975). In all of these cases, California law required the aggrieved parties to restore any consideration they received under the contract. Nevertheless, they were still entitled to consequential damages.

Here, Plaintiff has requested that it either keep all the premiums Defendant paid or just enough to cover its consequential damages. Given that the primary purpose of § 1692 is to afford the aggrieved party complete relief, *see Runyan*, 2 Cal. 3d at 316, Plaintiff's request is not barred,[2] *see Akin v. Certain Underwriters At Lloyd's London*, 140 Cal. App. 4th 291, 296 (2006) (stating § 1692 permits damages "that would restore the plaintiff to the position that she would have been if had she [sic] not entered the contract").

Defendant argues that Plaintiff cannot keep any of the premiums paid under the life-insurance policy, even as compensation for the damages it suffered because of Defendant's alleged fraud. Defendant cites several cases stating that in order to rescind an insurance policy, an insurer must repay all premiums plus interest. *E.g.*, *Star Pac. Invs., Inc.*, 121 Cal. App. 3d at 457. But none of those cases expressly preclude an award of consequential

---

[2] Plaintiff's request that the Court permit it to retain all premiums paid by Defendant might exceed the ultimate award, if any, to which it is entitled. But there is no evidence before the Court regarding the total amount of damages requested and the total amount of premiums paid. Accordingly, the Court declines to hold that, as a matter of law, Plaintiff is not entitled to retain all premiums paid by Defendant.

damages. Indeed, that is likely because § 1692 expressly permits courts to award damages to an aggrieved party in a rescission action. *Runyan*, 2 Cal. 3d at 316; Cal. Civ. Code § 1692.

Defendant also cites to California Insurance Code § 481(a), which states "a person insured is entitled to a return of premium if the policy is canceled, rejected, surrendered, or rescinded, as follows: (1) To the whole premium, if the insurer has not been exposed to risk of loss." But again, this provision does not explicitly preclude an award of consequential damages. Section 481(a) merely restates the well-established rule that a rescinding party must "[r]estore to the other party everything of value which he has received . . . under the contract . . . ." Cal. Civ. Code § 1691. And even though consideration must be restored, section 1692 permits a court to award consequential damages to an aggrieved party in a rescission suit. The requirement under § 1691 that the rescinding party restore all consideration given under the contract is not inconsistent with the rescinding party's right to consequential damages under § 1692. *See Runyan*, 2 Cal. 3d at 316. Similarly, an insured's right under § 481(a) to a return of the whole premium paid under a rescinded insurance policy is not inconsistent with the insurer's right to damages under § 1692. Thus, even though both § 481(a) and § 1691 require complete restoration of any consideration given, section 1692 allows a setoff for consequential damages suffered by the aggrieved party. *See id.*; *Sharabianlou*, 2010 WL 396319, at * 16 (permitting setoff in rescission action for cost of environmental reports); *Jahn v. Brickey*, 168 Cal. App. 3d 399, 406 (1985) (affirming award of consequential damages as a set off against restored consideration in order to make rescinding party whole).

Defendant also cites to an order issued in *Wells Fargo Bank, N.A. v. Lincoln Nat'l Life Ins. Co.*, No. 08-cv-6637 (C.D. Cal. August 12, 2009),[3] which granted a defendant's motion to strike in a similar situation. The *Wells Fargo* order, however, incorrectly interprets California law. The *Wells Fargo* order states that "[e]ven when an insured has engaged in

---

[3] The order does not appear to be available through any online database and was attached to Defendant's Memorandum as Exhibit A.

fraud to acquire the insurance policy, the rescission of an insurance contract results in the full return of premiums." *Wells Fargo*, at \*6. In support of this holding, the court cited *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184 (Cal. Ct. App. 1988). But the court in *Sogomonian* merely held that because an insurance policy was rescinded and void due to the insured's material concealment, the insured could not sue the insurer under the policy. *Id.* at 184. *Sogomonian* does not limit a court's authority under § 1692 to adjust the equities between the parties and award an aggrieved insurer consequential damages.

The court in *Wells Fargo* also cited to *Akin v. Certain Underwriters At Lloyd's London*, 140 Cal. App. 4th 291 (2006) to support its holding that a court may not award consequential damages when rescinding an insurance policy. But again, the cited authority does not support the *Wells Fargo* court's proposition. *Akin* merely holds that an insured may not sue under a rescinded policy because the law treats the policy as though it never existed. *Id.* at 298. In fact, *Akin* states that under § 1692 an aggrieved plaintiff in a rescission action is entitled to "damages that would restore the plaintiff to the position that she would have been if had she [sic] not entered the contract." More specifically, "[i]n the context of an insurance case . . . an action for rescission only permits the aggrieved party to the return of his premiums and *whatever else may be required* to restore the parties to the status quo ante." *Id.* (emphasis added). Thus, *Akin* actually supports a court's broad authority under § 1692 to give an aggrieved party complete relief.

Lastly, Defendant argues that § 1692 only permits a court to return a benefit that the rescinding party conferred on the non-rescinding party. But Defendant's reading is too narrow. Section 1692 is much broader. Not only does it expressly permit a court to award the aggrieved party "complete relief" and grant broad discretion to "adjust the equities between the parties," Cal. Civ. Code § 1692, but courts have used their authority under this section to compensate aggrieved parties for damages sustained as a result of a defendant's wrongful conduct in connection with a rescinded contract. *See, e.g., Sharabianlou*, 2010 WL 396319, at \*14; *Leaf*, 47 Cal. App. 371. The section's plain language contradicts Defendant's

narrow reading.

The Court rejects Defendant's arguments and holds that it may award consequential damages to a defrauded insurer seeking rescission of an insurance policy.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike [Doc. 7].

**IT IS SO ORDERED.**

DATED:  April 12, 2010

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge